### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL S. MOON,

        Petitioner,

v.

                                  Case No. 22-CV-01097-SPM

UNITED STATES OF AMERICA,[1]

        Respondent.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Michael S. Moon, a federal inmate presently housed at Federal Prison Camp Yankton in South Dakota, filed the instant Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 12). The matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Rule 1(b) gives this Court the authority to apply these Rules to other habeas corpus cases. *Id.*

Moon was stopped on July 9, 2018 by the Kansas Highway Patrol and subsequently arrested for outstanding warrants for parole violations in case numbers 2014-CR-001646, 2015-CR-001649, and 2017-CR-000317. (*See* Doc. 12, p. 5 (citing the same)). His parole was revoked for cases 2014-CR-001646 and 2015-CR-001649 on July 26, 2018 and for case 2017-CR-000317 on August 14, 2018. (*Id.*). He was indicted

---

[1] William O'Donnell is the proper Respondent as he is the warden at Federal Prison Camp Yankton, and as such, is Moon's immediate custodian. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973). As is discussed *infra*, because this case will be transferred to the District of South Dakota, the Court's docket need not be updated at this time.

in the United States District Court for the District of Kansas on September 19, 2018.
*See United States v. Moon*, No. 18-CR-40086-001 (D. Kan. Oct. 13, 2021) (Doc. 1). He
was removed from state custody to federal custody on May 3, 2019 via a writ of habeas
corpus ad prosequendum and remained in federal custody. (*See* Doc. 12, p. 5). He
pleaded guilty on April 6, 2021 to one charge of conspiracy to distribute
methamphetamine in violate of 21 U.S.C. § 841(b)(1)(a). *See* No. 18-CR-40086-001
(Doc. 49). While in federal custody, Moon completed service on his state sentences on
January 28, 2021 and entered exclusive federal custody on January 29, 2021. (*See*
Doc. 12, p. 5). He was sentenced on October 12, 2021 in the United States District
Court for the District of Kansas to a term of 140 months in prison in case 18-CR-
40086-001. *See* No. 18-CR-40086-001 (Doc. 61).

Moon filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241
in the District of Kansas on May 23, 2022. (Doc. 1). On May 24, 2022, this action was
transferred to this Court from the District of Kansas as Moon was incarcerated at
Federal Correctional Institute Greenville. (Doc. 2). On May 25, 2022, this Court
attempted to conduct preliminary review of the Petition for Writ of Habeas Corpus
(Doc. 1); however, there was insufficient information provided to do so. As such, the
Court directed the Clerk to send Moon a blank Petition for a Writ of Habeas Corpus
Under 28 U.S.C. § 2241 with a return date of June 27, 2022 for filing as an Amended
Petition (Doc. 5).

On June 21, 2022, this Court received what was filed as an Amended Petition
for Writ of Habeas Corpus (Doc. 6). This document was not the blank § 2241 petition
provided, instead, it was virtually identical to the prior petition (Doc. 1) with the

exception of identifying that the case was in the Southern District of Illinois and was assigned case number 22-CV-01097-SPM. (*See* Docs. 1, 6). Again, this document failed to provide any information regarding the sentence under challenge, including the court of conviction, docket number and date of sentence, as well as any information regarding prior challenges and/or appeals. The Court entered an Order on July 11, 2022 dismissing the Amended Petition without prejudice and dismissing the case. (*See* Docs. 7, 8). Moon filed a Notice of Address Change on July 11, 2022 indicating that he had been transferred to the Federal Transfer Center in Oklahoma City (Doc. 9); he subsequently filed a Motion for Status and Address Change on August 18, 2022 (Doc. 10) in which he notified the Court that he had been transferred to Federal Medical Center Rochester. (Doc. 10). The Court directed the Clerk of Court to forward the order dismissing Moon's case without prejudice to Moon. (*See* Doc. 11).

The instant Amended Petition was filed on February 1, 2024. (*See* Doc. 12). The mailing address of the Amended Petition indicates that Moon is now incarcerated at Federal Prison Camp Yankton in South Dakota. (*See id.*). Here, however, there is a critical issue with this case. At the time of filing of his original Petition (Doc. 1), Petitioner Moon was incarcerated at FCI Greenville, which is located within the Southern District of Illinois. A review of the Bureau of Prisons website shows that he is currently incarcerated at Federal Prison Camp Yankton, which is located within the District of South Dakota.[2] The Court previously ruled that the "[t]ransfer of petitioner to a facility outside this jurisdiction does not divest this Court of subject

---

[2] *See Find an inmate*., FED. BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2024) (search using Moon's BOP Register Number "29660-031").

matter jurisdiction as jurisdiction is determined at the time of filing." (*See* Doc. 6, p. 1 n.2 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004))). When Moon's Amended Petition was filed on June 21, 2022, however, less than a month had elapsed since the filing of his original Petition in the District of Kansas on May 23, 2022. (*See* Docs. 1, 6).

In *Padilla*, instead of filing a petition for writ of habeas corpus in the District of South Carolina in which he was imprisoned, the petitioner filed a petition in the Southern District of New York directed at then-President George W. Bush, then-Secretary of Defense Donald Rumsfeld, and Melanie A. Marr, the Commander of the Consolidated Naval Brig in Charleston, South Carolina in which Padilla was held as an "enemy combatant." 542 U.S. at 432. The District Court and Court of Appeals both held that the Southern District of New York could assert jurisdiction over Secretary Rumsfeld through New York's long-arm statute and that Rumsfeld exercised "legal reality of control" over *Padilla. Id.* at 432–33 (citing *Padilla ex rel. Newman v. Bush*, 233 F. Supp. 2d 564 (S.D.N.Y. 2002)) (quoting *Padilla ex rel. Newman v. Bush*, 352 F.3d 695 (2d Cir. 2003)).

In reversing the District Court and the Second Circuit, the Supreme Court was explicit that "[t]he consistent use of the definite article in reference to the custodian indicates that there is generally *only one proper respondent* to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434 (emphasis added). "This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Id*. at 435. Moreover:

In accord with the statutory language and *Wales'* immediate custodian

rule, longstanding practice confirms that in habeas challenges to present physical confinement—"core challenges"—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.

*Id.* (citing *Wales v. Whitney*, 114 U.S. 564, 574 (1885); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992); *Blango v. Thornburgh*, 942 F.2d 1487, 1491–92 (10th Cir. 1991) (per curiam); *Brennan v. Cunningham*, 813 F.2d 1, 12 (1st Cir. 1987); *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986) (per curiam); *Billiteri v. U.S. Bd. of Parole*, 541 F.2d 938, 948 (2d Cir. 1976); *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C. Cir. 1945); *Jones v. Biddle*, 131 F.2d 853, 854 (8th Cir. 1942)).

The Supreme Court distinguished *Ex parte Endo*, 323 U.S. 283 (1944) as standing for the proposition that "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent *within its jurisdiction* who has legal authority to effectuate the prisoner's release." *Padilla* at 441 (citing *Endo*). Here, however, there is an issue. Unlike in *Padilla* (where the first habeas petition was filed after Padilla was transferred), Moon has been transferred at least three times since Moon first filed his Petition in the District of Kansas while incarcerated at Federal Correction Institution Greenville: he was transferred to Federal Transfer Center Oklahoma City at some point after filing his first Amended Petition on June 21, 2022 (Doc. 9); to Federal Medical Center Rochester at some point before his August 18, 2022 Notice of Address Change (Doc. 10); and to Federal Prison Camp Yankton at some point before filing the instant Petition (for which he did not

file a notice of change of address or any intention to pursue this case). Unlike the Court's ruling on his first Amended Petition, Moon has not simply been transferred once while his habeas petition was still pending review. (*See* Docs. 6, 7). Rather, a year and a half have elapsed after his case was dismissed without prejudice and he has been transferred at least three times since the Court's previous ruling.

Considering *Padilla*, it would be nonsensical for this Court to retain habeas jurisdiction over Moon under the current conditions. This is a "core challenge" where Moon challenges his current confinement and, even if the Court were able to maintain jurisdiction over this matter, there are no officials in Illinois who are responsible for Moon's confinement over whom the Court could exercise jurisdiction. Moreover, unlike *Endo* or *Padilla*, at no point did Moon properly name his immediate custodian in his petitions—they are all addressed to the United States of America as respondent, as noted by this Court in its July 11, 2022 ruling. (*See* Doc. 7).

Therefore, this Court declines to dive into the murky waters of habeas jurisdiction when a prisoner is subsequently transferred multiple times. While Moon originally filed his threadbare habeas petitions in the District of Kansas and in the Southern District of Illinois, respectively, he is currently incarcerated at Federal Prison Camp Yankton. Until the instant Amended Petition was filed, he had not filed anything in this District since August 23, 2022 and did not indicate any intent to proceed with this matter. (*See* Doc. 11). In accordance with *Padilla*, there is only one District where Moon can file his petition: the District of South Dakota, where the Warden of Federal Prison Camp Yankon can "produce the body" before the cognizant District Judge.

## DISPOSITION

Because this petition was filed in the wrong district court, this Court must consider whether to dismiss the petition without prejudice or to transfer it to the appropriate court. Pursuant to 28 U.S.C. § 1631, if a civil action is filed in a forum that lacks jurisdiction over the matter, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . ." The court has considered the record and finds the interest of justice warrants the transfer of this matter, as petitioner's claim is filed in good faith and merits review.

For the reasons set forth above, the Clerk of Court is **DIRECTED** to transfer Moon's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 to the United States District Court for the District of South Dakota.

**IT IS SO ORDERED.**

**DATED:    February 6, 2024**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**