UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL SCOTT MOON,<br><br>                          Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | 4:24-CV-04023-CBK<br><br>ORDER |

Petitioner, a prisoner at the Federal Prison Camp in Yankton, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He is scheduled to be released May 13, 2030. https://www.bop.gov/inmateloc/, visited February 15, 2024. Petitioner challenges the Bureau of Prisons' ("BOP") calculation of his combined state and federal terms of imprisonment.

Petitioner is attacking the length of his sentence as calculated by the BOP. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992). The BOP has developed detailed procedures and guidelines for calculating sentences, including awarding credit for time served and applying concurrent/consecutive sentencing orders. United States v. Wilson, 503 U.S. at 336, 112 S.Ct. at 1355. "Federal regulations have afforded prisoners administrative review of the computation of their credits and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies." Id. (internal citations omitted). After exhausting administrative remedies, a prisoner seeks judicial review through the filing of a petition for a writ of habeas corpus under 28 U.S.C. § 2241. United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006).

Pursuant to 28 U.S.C. § 2243, when a petition for a writ of habeas corpus is filed, the "judge entertaining an application . . . shall forthwith award the writ, or issue an order

directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the application or person detained is not entitled thereto*." (Emphasis supplied.) Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts allows this Court to apply Rule 4 of those rules to a section 2241 action. Pursuant to Rule 4, and consistent with § 2243, the Judge assigned to a petition must examine the petition and any attachments to determine whether it plainly appears that petitioner is not entitled to relief. If the petition is not dismissed on that basis, the Court must order the respondent to file an answer.

I have conducted an initial consideration of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts.

## BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute methamphetamine and was sentenced on October 12, 2021, in the District of Kansas, 18-CR-40086-HLT, to 140 months imprisonment. As part of the plea agreement, he waived his right to appeal or to collaterally attack his conviction and sentence.

Defendant's offense conduct occurred between March 6, 2018, and July 9, 2018. On the last date, petitioner was arrested by the Kansas Highway Patrol for outstanding warrants for parole violations in three Kansas state court cases. Moon v. United States, 2024 WL 449250 (S.D. Ill 2024). He was held in Kansas state custody pending and after parole revocation proceedings. *Id.* He was indicted in the District of Kansas on September 19, 2018. The federal prosecutor did not seek a writ of habeas corpus *ad prosequendum* until April 24, 2019. The writ was granted and petitioner was taken into federal custody on May 6, 2019. While petitioner was in federal custody awaiting trial, his state court parole revocation sentences expired on January 28, 2021, and he was thus in exclusive federal custody beginning the following day. *Id.*

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U..S.C. § 2241 in the District of Kansas, 22-3100-JWL, on May 23, 2022. The matter was transferred to the United States District Court for the Southern District of Illinois on May 24, 2022, because petitioner was then imprisoned at the Federal Correctional Institution in

2

Greenville, Illinois. Moon v. United States, 2022 WL 1641388 (D. Kan. 2022). The case was docketed in the Southern District of Illinois, 22-CV-01097-SPM, and defendant was requested by the Court to file an amended petition on a form provided by the Clerk to provide additional information upon which to conduct an initial consideration.

On June 21, 2022, petitioner filed a nearly identical amended petition rather than using the form requested by the Court. On July 11, 2022, the case was dismissed without prejudice to allow petitioner to exhaust his administrative remedies or show proof that he has done so. At that time, petitioner was imprisoned at the Federal Transfer Center in Oklahoma City, Oklahoma. He was notified of his obligation to keep the federal courts apprised of his current location. Petitioner thereafter advised that he was housed at FTC Oklahoma City awaiting transfer to the Federal Medical Center at Rochester, Minnesota. He notified the Court on August 18, 2022, that he had arrived at FMC Rochester.

On February 1, 2024, petitioner filed a second amended petition in the Southern District of Illinois case which was again nearly identical to his first two petitions. He attached documents associated with his attempts to resolve his claims administratively and also included the § 2241 form previously requested by the Southern District of Illinois. On February 6, 2024, the Southern District of Illinois transferred this case to the District of South Dakota, where petitioner is residing. Moon v. United States, 2024 WL 449250 (S.D. Ill. Feb. 2024).

Petitioner contends that he should be awarded credit towards his federal sentence for the time between his arrest on July 9, 2018, on state parole violations, and January 28, 2021, when his state sentences were satisfied. That time amounts to over 30 months he contends should be applied to reduce his 140-month federal sentence. He contends that the BOP "refuses to issue the proper time credit to the concurrent sentences imposed." Alternatively, he contends that the Court should "adjust his federal sentence" pursuant to § 5G1.3 of the Federal Sentencing Guidelines, to achieve a just and adequate sentence.

3

**DECISION**

Credit for time served is calculated by the BOP pursuant to 18 U.S.C. § 3585(b) and the Sentence Computation Manual, Program Statement 5880.28. Pursuant to § 3583(b),

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The records show that the BOP awarded credit against the petitioner's federal sentence beginning January 29, 2021, the date that he was in the exclusive custody of the United States following satisfaction of his state court sentences. Petitioner appealed to the warden of MCC Chicago on November 22, 2022, requesting credit for time served beginning on the date of his arrest on the state parole violations. The warden denied the appeal on December 1, 2022.

Petitioner thereafter appealed to the Regional Director of the North Central Regional Office of the BOP. His appeal was denied on February 3, 2023, the Regional Director finding that the "credit you request to be awarded towards your federal sentence was credited towards the state sentence. This double credit would be contrary to the statute 18 U.S.C. § 3585(b), if credited towards your federal sentence."

Petitioner filed a third appeal to the Office of General Counsel of the BOP. The Acting Administrator of National Inmate Appeals denied the appeal on August 30, 2023. It appears that petitioner has exhausted his administrative remedies.

Petitioner's case is akin to the petitioner in <u>Elwell v. Fisher</u>, 716 F.3d 477 (8th Cir. 2013). The United States Court of Appeals for the Eighth Circuit set forth in that case the clear analysis to be applied in determining credit for time served when a prisoner is taken

4

into custody pursuant to a writ of habeas corpus *ad prosequendum* from another jurisdiction.

> Pursuant to the doctrine of primary jurisdiction, service of a federal sentence generally commences when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction.
>
> The first sovereign to take physical custody of a defendant retains "primary jurisdiction" until releasing that jurisdiction. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence. Iowa was the first sovereign to take physical custody of Elwell in March 2007 when Elwell was arrested for public intoxication and bond violations. At that time, the state court increased his bond, Elwell did not post his increased bond, and Elwell remained in custody under Iowa's primary jurisdiction.
>
> When the United States obtained physical custody of Elwell based upon the writ of habeas corpus *ad prosequendum*, the transfer of physical control over Elwell's custody from Iowa to the United States did not terminate Iowa's primary jurisdiction. Rather, Elwell remained subject to Iowa's primary jurisdiction and was merely and temporarily "on loan" to the United States.

Elwell v. Fisher, 716 F.3d at 481–82.

Until petitioner satisfied his Kansas state court sentences, he was in the primary custody of the State of Kansas, even though he was housed by the United States Marshals Service pursuant to the writ. He ceased to be in state custody on January 28, 2021, when he satisfied his state sentence. It appears that the BOP awarded credit for time served thereafter.

The BOP correctly observed during the administrative appeal process that petitioner was awarded credit for his state sentences while he was on loan to the federal court, that he satisfied such state sentences during the time his was in the custody of the U.S. Marshal, and that he is not entitled to credit for that same time in custody towards his federal sentence. The Eighth Circuit has "held unequivocally that a state prisoner who is also on detainer for federal violations should not receive credit on his federal

sentence when he was given credit on the state sentence for the same period of time." McIntyre v. United States, 508 F.2d 403, 404 (8th Cir. 1975). "[T]he Bureau of Prisons properly decided not to award [petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) (1988) against double crediting." United States v. Kramer, 12 F.3d 130, 132 (8th Cir. 1993).

Petitioner contends that the BOP failed to comply with 18 U.S.C. § 3584 (a), concerning the imposition of a term of imprisonment imposed upon a defendant who is already subject to an undischarged term of imprisonment. This statute has no applicability in petitioner's case. He was sentenced in federal court for one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. He was sentenced to one sentence of 140 months imprisonment. He was not, on the date of sentencing, subject to any undischarged term of imprisonment. He discharged his state court sentences on January 28, 2021. He was sentenced in federal court on October 12, 2021.

Petitioner urges that his federal sentence should be computed to run concurrently with the sentences he served in his state court cases. The judgment entered in the District of Kansas makes no mention of that sentence being imposed to run concurrently with any other sentence. Given the judgment's silence as to that matter, "the BOP correctly applied the default rule of § 3584 for sentences imposed at different times and concluded the federal sentence was to be consecutive to the state sentence." Elwell v. Fisher, 716 F.3d at 84. The judgment was silent as to this matter because there was no undischarged term of imprisonment to run concurrently with petitioner's federal sentence.

Petitioner contends that § 5G1.3(b) of the Federal Sentencing Guidelines requires that his federal and state sentences run concurrently. Section 5G1.3 is the Sentencing Commission's policy statement on "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment." That policy statement has no applicability to petitioner's case. He was not, at the time of his federal sentencing, subject to either an undischarged or anticipated state term of imprisonment. In any event, a claim that the sentencing court misapplied the Federal

6

Sentencing Guidelines is not cognizable in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Any such claims would be required to be raised on direct appeal.

Petitioner seeks *nunc pro tunc* credit for the time he served as a result of his state court parole violations, resulting in a shorter federal sentence. Such credit is not authorized under the law and the facts of this case.

## ORDER

Based upon the foregoing,

IT IS ORDERED that the petition for a writ of habeas corpus is denied.

DATED this 27th day of February, 2024.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge